FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 2 4 2021

TAMMY H. DOWNS, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MELINDA RAYFORD, individually and
on behalf of all others similarly situated**                    **PLAINTIFF**

v.                    Case No. 4:21-cv-749-JM

**KNM HOLDINGS, LLC**                    **DEFENDANT**

## CLASS AND COLLECTIVE ACTION COMPLAINT

COMES NOW Melinda Rayford, individually and on behalf of all others similarly situated,
by and through her attorney Chris Burks of WH LAW, for her Class and Collective Action
Complaint against KNM Holdings, LLC, they do hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.      This is a class action and a collective action brought by Plaintiff Melinda Rayford,
individually and on behalf of all other hourly-paid employees employed by Defendant at any time
within a three-year period preceding the filing of this Complaint.

2.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et
seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*
("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment
interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay
Plaintiff and other hourly-paid employees minimum wages and lawful overtime compensation for
hours worked in excess of forty (40) hours per week as required by the FLSA and AMWA.

3.      Upon information and belief, for at least three (3) years prior to the filing of this
Complaint, Defendant has willfully and intentionally committed violations of the FLSA and
AMWA as described, *infra*.

This **case** assigned to District Judge Moody
and to **Magistrate** Judge Kearney

## II.  JURISDICTION AND VENUE

4.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      This Complaint also alleges violations of the AMWA, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

6.      Defendant KNM Holdings, LLC ("KNM Holdings"), conducts business within the State of Arkansas, operating fast-food restaurants at various locations throughout the state.

7.      The acts complained of herein were committed and had their principal effect within the Little Rock Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8.      Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

9.      The witnesses to overtime wage violations alleged in this Complaint reside in this District.

10.      On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenge are located in this District.

## III. THE PARTIES

11.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12.     Plaintiff is a resident and citizen of Arkansas.

13.     Within the past three (3) years, Plaintiff was employed by Defendant as an hourly-paid employee at the Defendant's Church's Chicken restaurant in Pine Bluff, Arkansas.

14.     At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under the FLSA and AMWA.

15.     Defendant is a foreign limited liability company, registered and licensed to do business in the State of Arkansas.

16.     Defendant's registered agent for service of process in Arkansas is CT Corporation System, 124 West Capitol Ave., Suite 1900, Little Rock, Arkansas 72201.

17.     Defendant's principal business is the sale of pre-prepared or rapidly prepared food directly to the customer in a ready-to-consume state for consumption either within the restaurant building or off-premises.

18.     During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce of in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

19.     Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

20.     Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203.

## IV.    FACTUAL ALLEGATIONS

21.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

22.     Within the time period relevant to this case, Plaintiff worked for Defendant as an hourly-paid fast food restaurant shift worker.

23.     Plaintiff's primary duties as a fast food restaurant shift worker occupied 100 percent of Plaintiff's time while working at the Defendant's Pine Bluff restaurant.

24.     Within the time period relevant to this case, Plaintiff and other similarly-situated employees of the Defendant worked in excess of forty (40) hours per week for the Defendant at their fast-food restaurant in Pine Bluff, Arkansas, and Defendants set their work schedules, methods and materials of work, and controlled their rates of pay.

25.     Upon information and belief, Defendant regularly prohibited Plaintiff and other hourly-paid shift employees from clocking in via their time-clock system.

26.     Defendant only allowed shift managers to clock employees in, leading to employees' time not being tracked accurately for all the hours they worked in a pay period.

27.     Upon information and belief, Defendant regularly refused to provide pay checks to Plaintiff and other hourly-shift employees for the hours worked in a pay period.

28.     Plaintiff and other hourly-paid shift workers were and are entitled to wages and compensation based on the standard minimum wage for all hours worked.

29.     Plaintiff did not exercise discretion and independent judgment with respect to any matters of significance.

30.     Plaintiff did not provide any training for any employee nor did she direct the work of any employee.

31.     Plaintiff did not select any employees for hire nor did Plaintiff have the ability to fire an employee.

32.     In performing her services for Defendant, Plaintiff was not required to utilize any professional education relevant to her job duties.

33.     Plaintiff and other hourly-paid shift workers were and are not paid 1.5 times their regular rate of pay for hours they worked in excess of forty (40) in each week.

34.     Plaintiff and other hourly-paid shift workers were and are not paid the applicable minimum wage for all hours worked in a pay period.

35.     Defendant knew, or showed reckless disregard for, whether the way they paid Plaintiff and other hourly-paid shift workers violated the FLSA and AMWA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

### A.     FLSA § 216(b) Class

36.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

37.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

38.     Plaintiff brings her FLSA claims on behalf of all hourly-paid employees employed by Defendant at any time within the applicable statute of limitations period, who were classified by

Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

    A.    Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

    B.    Liquidated damages; and

    C.    Attorneys' fees and costs.

39.    The relevant time period dates back three years from the date on which Plaintiff's Class and Collective Action Complaint was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

40.    The members of the proposed FLSA Collective are similarly situated in that they share these traits:

    A.    They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

    B.    They were paid hourly rates;

    C.    They recorded their time in the same manner;

    D.    They were subject to Defendant's common policy of not allowing employees to clock in while arriving at work;

    E.    They were subject to Defendant's common policy of not paying employees for timed worked; and

    F.    They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) hours per work week.

41.    Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 100 persons.

42.    Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses, and phone numbers of the FLSA collective action Plaintiff are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action Plaintiff via first class mail, email, and text message to their

last known physical addresses, electronic mailing addresses, and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## B.  AMWA Rule 23 Class

43.     Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

44.     Plaintiff proposes to represent the class of hourly-paid employees who are/were employed by Defendant within the relevant time period within the State of Arkansas.

45.     Common questions of law and fact relate to all members of the proposed class, such as whether as a result Defendant's failure to pay employees for time worked in a pay period and failure to pay employees for overtime wages for hours worked over 40 in a pay period, Defendant paid members of the proposed class a lawful minimum wage and overtime wage in accordance with the AMWA.

46.     Common questions of law and fact predominate over any questions affecting only the individually-named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

47.     The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class.  To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair

competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

48.     Plaintiff is unable to state the exact number of the potential members of the AMWA class but believe that the class exceeds 100 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

49.     At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

50.     Concentrating the litigation in this forum is highly desirable because Defendant's fast food restaurant is based in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

51.     No difficulties are likely to be encountered in the management of this class action.

52.     The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as hourly-paid employees for Defendant and experienced the same violations of the AMWA that all other class members suffered.

53.     Plaintiff and her counsel will fairly and adequately protect the interests of the class.

54.     Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

55.     Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

56.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

57.     At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the FLSA.

58.     At all times, Plaintiff has been an "employee" of the Defendant as defined by 29 U.S.C. § 203(e).

59.     At all relevant times, Defendant was an "employer" of Plaintiff as defined by 29 U.S.C. § 203(d).

60.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum age for all hours worked up to forty (4o) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in one week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

61.     Despite Plaintiff's entitlement to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half (1.5) times her regular rate of pay for all hours worked over forty (40) in each one-week period.

62.     By reason of the unlawful acts alleged herein, Defendant is liable to the Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of the Complaint.

63.     Alternatively, should this Court find that Defendants acted in good faith in failing

to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at

the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

64.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though

fully set forth herein.

65.     Plaintiff brings this collective action on behalf of all hourly-paid employees

employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members

of the putative collective for all minimum wage for hours worked and for all overtime compensation

for all hours she and they worked in excess of forty (40) each week.

66.     Plaintiff brings this action on behalf of herself individually and all other similarly

situated employees, former and present, who were and/or are affected by Defendant's willful and

intentional violation of the FLSA.

67.     During the period relevant to this lawsuit, Defendant classified Plaintiff and all

similarly situated members of the FLSA collective as non-exempt from the overtime requirements

of the FLSA.

68.     Despite the FLSA entitling the Plaintiff and those similarly situated to receive a

minimum wage for all hours worked up to forty (40) in one week, Defendant failed to pay Plaintiff

and all those similarly situated minimum wage for all hours worked up to forty (40) in one week.

69.     Despite the FLSA entitling the Plaintiff and those similarly situated to receive an

overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40)

in one week, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate for all hours worked over forty (40) in one week.

70.     Defendant violated 29 U.S.C. §§ 206 and 207 by failing to pay Plaintiff and all those similarly situated a minimum wage for all hours worked up to forty (40) in one week and to pay an overtime rate of one and one-half (1.5) times their regular rate of pay for all hours worked over forty (40) hours in one week.

71.     In the past three years, Defendant has employed hundreds of hourly-paid employees.

72.     Defendant failed to pay these workers at the proper minimum wage and overtime rate.

73.     Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

**Each hourly-paid employee who, within the three years preceding the filing of this Complaint, worked under forty (40) hours in a week and was not paid for all hours worked, and/or who worked over forty (40) hours in a week and was not paid an overtime rate of 1.5 times their regular rate.**

74.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

75.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid minimum wages, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

76.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

77.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

78.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

79.    At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

80.    Arkansas Code Annotated § 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

81.    Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff the Arkansas minimum wage, and failed to pay Plaintiff an overtime rate of one and one-half (1.5) times her regular rate of pay for all hours worked over forty (40) in each one-week period.

82.    Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

83.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees for all violations that occurred within the three (3) years prior to the filing of Plaintiff's initial complaint, pursuant to Arkansas Code Annotated § 11-4-218.

84.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.     FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

85.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

86.     Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

87.     At all relevant times, Defendant has been and continues to be the "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

88.     Arkansas Code Annotated § 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

89.     Defendant failed to pay Plaintiff and members of the proposed class all overtime wages owed as required under the AMWA.

90.     Defendant's failure to allow employees to clock in when arriving at work and failure to provide pay checks for hours worked resulted in a failure to pay Plaintiff and members of the proposed class a minimum wage for hours worked under forty (40) in one week and a full and lawful overtime for weeks in which Plaintiff and members of the proposed class worked more than forty (40) hours in one week.

91.     Plaintiff proposes to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiff, which may be defined as follows:

> **Each hourly-paid employee in Arkansas who, within the three years preceding the filing of this Complaint, worked under forty (40) hours in a week and was not paid for all hours worked, and/or who worked over forty (40) hours in a week and was not paid an overtime rate of 1.5 times their regular rate.**

92.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

93.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees for all violations that occurred within the three (3) years prior to the filing of Plaintiff's initial complaint, pursuant to Arkansas Code Annotated § 11-4-218.

94.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Melinda Rayford, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A)    That Defendant be required to account to Plaintiff, the class, and collective members, and the Court for all of the hours worked by Plaintiff and the class and collective members and all monies paid to them;

(B)    A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(C)    A declaratory judgment that Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D)    Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(E)    Judgment for damages for all unpaid back wages at the applicable minimum wage owed to Plaintiff from a period of three (3) years prior to this lawsuit through the date of trial under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(F)    Judgment for damages for all unpaid back wages at the applicable minimum wage owed to Plaintiff from a period of three (3) years prior to the date of filing under the Arkansas Minimum Wage Act, Ark. Code Ann § 11-4-201, *eq seq.* and the related regulations;

(G)    Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and attendant regulations at 29 C.F.R. § 516 et seq., in an amount equal to

all unpaid back wages at the applicable minimum wage from a period of three (3) years prior to this lawsuit through the date of trial owed to the Plaintiff;

(H)    Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark Code. Ann. § 11-4-201, *et seq.,* and the relating regulations;

(I)    Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(J)    Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(K)    Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(L)    Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(M)    An order directing Defendant to pay Plaintiff and members of the class and collective pre-judgment interest, reasonable attorney's fees, and all costs connected with this action; and

(N)    Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**Melinda Rayford, Individually and on Behalf of
All Others Similarly Situated, PLAINTIFF**

WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By:     *Chris Burks*
        Chris Burks (ABN: 2010207)
        chris@wh.law